UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United States of America, ) | Cr. No.: 7:05-cr-01080-GRA-4 |
| v. ) | |
| ) | **ORDER** |
| Pam Lydia, ) | (Written Opinion) |
| ) | |
| Defendant. ) | |

This matter is before the Court on Defendant Pam Lydia's ("Defendant") Motion to Reduce Sentence. The Court gave Defendant notice on July 8, 2013, that her motion would be construed as a 28 U.S.C. § 2255 Petition to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody unless Defendant objected to such a construction within twenty (20) days of the Order. ECF No. 1495. Defendant timely filed an objection on July 17, 2013 asking the Court to not construe the motion as a § 2255 Petition and requesting instead to make her argument in a motion pursuant to 18 U.S.C. § 3582(c)(2). Thus, the Court will rule on the motion as such. For the reasons stated herein, Defendant's Motion to Reduce Sentence is DENIED.

## Standard of Review

Defendant brings this motion *pro se*. This Court is required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The liberal construction requirement does not mean that a court can ignore a clear failure to

allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Liberal construction means that if the court can reasonably read the pleadings to state a valid claim on which the party could prevail, it should do so; however, a district court may not rewrite a motion to include claims that were never presented, *see Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the party's legal arguments for him, *see Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Background

On March 5, 2007, Defendant was sentenced to 168 months imprisonment followed by five (5) years of supervised release after pleading guilty to conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A). ECF No. 764. Defendant did not file a direct appeal.

Defendant subsequently filed three motions to reduce her sentence. ECF Nos. 1263, 1309, & 1446. The Court denied these motions on June 5, 2008; February 25, 2009; and March 10, 2011, respectively. ECF Nos. 1283, 1310, & 1448.

## Discussion

Defendant brings this motion pursuant to 18 U.S.C. § 3582(c)(2). Under § 3582(c)(2), a court may only reduce a defendant's sentence when the previously imposed sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). If the Sentencing Commission has not amended the United States Sentencing Guidelines applicable to a defendant's sentence and made such an amendment retroactive, then

a court is without authority to reduce the defendant's sentence. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (stating "[t]he law closely guards the finality of criminal sentences against judicial 'change of heart.'").

In her motion, Defendant seeks to have the Court correct and reduce her sentence based on an alleged error in her Presentence Investigation Report ("PSR"). ECF No. 1493. Specifically, Defendant disputes the two-level enhancement she received in her PSR under the offense level computation pursuant to U.S.S.G. § 2D1.1(b)(1) for possessing a firearm during her offense. *Id.* However, Defendant does not point to any section of the Guidelines that has been amended by the Sentencing Commission and made retroactive to her sentence, and the Court is unaware of any applicable amendment. Thus, the Court is without jurisdiction to reduce Defendant's sentence under § 3582(c)(2).

Moreover, if Defendant is attempting to base her motion on Amendment 709 to the Sentencing Guidelines, which she has raised in her previous motions, the Court is similarly without authority to consider Defendant's argument. *See* U.S.S.G. § 4A1.2(c) (2007), historical note; *see also* U.S.S.G. App. C., Amendment 709 (2007). Defendants only have one opportunity to seek, through a § 3582(c)(2) motion, the benefit of an amendment to the Guidelines. *Goodwyn*, 596 F.3d at 235–36. Once a district court rules on the first § 3582(c)(2) motion, it is without jurisdiction to consider a second motion raising the same amendment or a motion for reconsideration of the initial order. *Id.* As such, Defendant's § 3582(c)(2) motion must be denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence is DENIED.

**IT IS SO ORDERED.**

*[signature]*

G. Ross Anderson, Jr.
Senior United States District Judge

July  26 , 2013
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL DECISION

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendant has the right to appeal this Order within **fourteen (14)** days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**